IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGARET M. WOODS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:23-CV-2745-D |
| | § | |
| STS AVIATION, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

*Pro se* plaintiff Margaret M. Woods ("Woods") sues her former employer, STS

Services, LLC ("STS Services"),[1] alleging claims for breach of contract under state law and

for race- and sex-based discrimination under Title VII of the Civil Rights Act of 1964 ("Title

VII"), 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981.  STS Services moves to dismiss

under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted.[2]  For

---

[1]In her complaint, Woods names "STS Aviation" as the defendant.  Because the parties do not dispute that Woods's employer was "STS Services," not "STS Aviation," the court will refer to the defendant as STS Services.  Accordingly, the court denies  as moot Woods's motion to amend defendant's legal name.

[2]STS Services' motion to dismiss predates the filing of Woods's request that the court accept her amended complaint, which is accompanied by her amended complaint.  Although Woods's proposed amended complaint supersedes her complaint, the court can treat STS Services' motion as directed to the amended complaint because the defects in Woods's complaint reappear in her amended complaint.  *See* 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1476 (3d ed. 2023) ("If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended complaint.  To hold otherwise would be to exalt form over substance."); *see Holmes v. Nat'l Football League*, 939 F. Supp. 517, 522 n.7 (N.D. Tex. 1996) (Fitzwater, J.).

the reasons that follow, the court grants the motion but also allows Woods to replead.

I

Woods is an African-American female whom STS Services hired to work as an aircraft inspector for Western Global Airlines ("Western Global").[3]  She was the only African-American female aircraft inspector; her colleagues included two white males and one African-American male.  Woods alleges that "[i]mmediately upon hire, [she] was treated differently than [her] white male" counterparts.  P. Compl. (ECF No. 4) at 1.

An STS Services' staffing representative informed Woods that he had received an email from Western Global's Vice President stating that he wanted Woods discharged.  STS Services granted the request and terminated Woods.  Woods alleges that she "had no performance issues" while working and that her supervisor even submitted paperwork to bring her on as a direct hire.  *Id.*  She asserts that, when she attempted to investigate the reason for her discharge, STS Services did not respond to her or investigate her termination, and when she applied for state unemployment benefits, she was informed that she had been discharged for violating STS Services' employment policies.

Woods filed a charge of discrimination with the Equal Employment Opportunity

---

[3]The court recounts the background facts favorably to Woods as the nonmovant.  In deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (addressing Rule 12(b)(6) standard)).

Commission and exhausted her administrative remedies.[4]  She now sues STS Services for breach of contract under state law and race- and sex-based discrimination under Title VII and § 1981.  STS Services moves to dismiss under Rule 12(b)(6) for failure to state a claim.  The court is deciding the motion on the briefs, without oral argument.

## II

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [the plaintiff's] [] complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative

---

[4]STS Services does not dispute that Woods exhausted her administrative remedies. *See, e.g.*, *Clemmer v. Irving Indep. Sch. Dist.*, 2015 WL 1757358, at *3 (N.D. Tex. Apr. 17, 2015) (Fitzwater, J.).

level[.]").  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 678.

III

STS Services contends that Woods has failed to plead a plausible state-law breach of contract claim.

A

"[E]mployment is presumed to be at-will in Texas[.]"  *Midland Jud. Dist. Cmty. Supervision & Corr. Dep't v. Jones*, 92 S.W.3d 486, 487 (Tex. 2002) (per curiam). Consequently, "absent a specific agreement to the contrary, employment may be terminated by the employer or the employee at will, for good cause, bad cause, or no cause at all." *Montgomery Cnty. Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998) (citation omitted).  "'To rebut the presumption of employment at will, an employment contract must directly limit in a meaningful and special way the employer's right to terminate the employee without cause.'"  *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 478 (5th Cir. 2000) (per curiam) (internal quotation marks omitted) (quoting *Rios v. Tex. Com. Bancshares, Inc.*, 930 S.W.2d 809, 815 (Tex. App. 1996, writ denied)).

-4-

B

STS Services contends that Woods's breach of contract claim fails as a matter of law because she has not adequately pleaded that a contract existed or that STS Services breached a contractual duty owed to her; the complaint does not include an employment contract or state either party's contractual obligations; and the employment offer and "Welcome Letter"[5] do not rebut the presumption that her employment was at-will because her complaint only establishes her work assignments and standard on-boarding procedures and does not "expressly, clearly, and specifically" modify Woods's at-will employment status.  D. Br. (ECF No. 10) at 6.  The court agrees.

Woods's employment at STS Services is presumed to be at-will.  Accordingly, to state a plausible breach of contract claim, she must plead sufficient facts that, viewed favorably to her, enable the court to draw the reasonable inference that STS Services "expressly and unequivocally evidence[d] an intent to limit the conditions under which [she] may be terminated." *Adams v. Mut. of Omaha Ins. Co.*, 2014 WL 1386563, at *4 (N.D. Tex. Apr. 9, 2014) (Fitzwater, C.J.).  Woods relies in her complaint on a email that states her Western Global work assignment and the remaining steps she must take before reporting to her assignment; the email does not include any statements regarding termination.  This evidence is insufficient to plausibly plead STS Services' "intent to be bound not to terminate [her]

---

[5]The court is permitted to consider these documents, which are attached to the complaint. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

except under clearly specified circumstances." *Wal-Mart Stores, Inc. v. Guerra*, 2009 WL 1900411, at *4 (Tex. App. 2009, pet denied) (mem. op.) (citing *Jones*, 92 S.W.2d at 488). Accordingly, the court dismisses her breach of contract claim.

IV

STS Services also maintains that Woods has failed to plead a plausible claim of race- or sex-based discrimination under Title VII and § 1981.[6]

A

Title VII prohibits discrimination on the basis of "race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). When a plaintiff alleges Title VII claims of race and sex discrimination based on circumstantial evidence, as Woods does here, the court can use the *McDonnell Douglas*[7] framework as a helpful reference when determining whether a plaintiff has plausibly alleged the ultimate elements of her claim.[8] Under this framework, a

---

[6]"Courts use the same legal framework to analyze claims brought under Title VII and § 1981." *Fisher v. Dallas County*, 2014 WL 4797006, at *3 (N.D. Tex. Sept. 26, 2014) (Fitzwater, C.J.) (citing *DeCorte v. Jordan*, 497 F.3d 433, 437 (5th Cir. 2007)). For convenience, the court will refer in the balance of this memorandum opinion and order to Title VII because "Title VII and [§] 1981 require the same proof to establish liability." *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 403 n.2 (5th Cir. 1999) (citing *Bunch v. Bullard*, 795 F.2d 384, 387 n.1 (5th Cir. 1986)).

[7]*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

[8]The familiar *McDonnell Douglas* standard for evaluating employment discrimination claims is an evidentiary framework, not a pleading standard. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002). Accordingly, "a plaintiff need not make out a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz*, 534 U.S. at 510-12); *see also, e.g.*, *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) ("Although Chhim did not have to submit evidence to establish a prima facie case

-6-

plaintiff must sufficiently plead that (1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) others similarly situated were treated more favorably. *See Appel v. Inspire Pharms., Inc.*, 428 Fed. Appx. 279, 281 (5th Cir. 2011).

B

Woods has failed to plead a plausible Title VII claim for race- or sex-based discrimination. It is undisputed that Woods is a member of a protected class. But she does not plead sufficient facts for the court to draw the reasonable inference that she was a victim of race- or sex-based discrimination. Woods neither alleges that she was qualified for the position as aircraft inspector nor pleads sufficient facts for the court to draw the reasonable inference that others who were similarly situated were treated more favorably. Woods asserts that she was the only African-American female aircraft inspector and that, immediately on being hired, she "was treated differently than [the] white male" aircraft inspectors. P. Compl. (ECF No. 4) at 1. But she does not allege any facts that transform her

_____

of discrimination at this stage, he had to plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible."). To survive STS Services' motion to dismiss, however, Woods must plausibly plead the ultimate elements of her Title VII claim. *See Chhim*, 836 F.3d at 370. And since *McDonnell Douglas* will govern when a plaintiff relies on indirect evidence of discrimination, it can be helpful to reference that framework when the court is determining whether a plaintiff has plausibly alleged the ultimate elements of her claim. *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (Title VII case) ("If a plaintiff's . . . claim depends on circumstantial evidence, he will 'ultimately have to show' that he can satisfy the *McDonnell Douglas* framework. In such cases, we have said that it can be 'helpful to reference' that framework when the court is determining whether a plaintiff has plausibly alleged the ultimate elements of the . . . claim." (quoting *Chhim*, 836 F.3d at 470-71)).

conclusory allegations to plausible claims.

Accordingly, the court grants STS Services' motion as to Woods's claims for race- and sex-based discrimination under Title VII and § 1981.

V

Although the court is dismissing Woods's breach of contract claim and race- and sex-based discrimination claims, it will permit her to file a second amended complaint.

> In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.

*In re Am. Airlines, Inc., Priv. Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (alteration omitted) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).  Furthermore, in granting leave to replead, the court takes into consideration that Woods is proceeding *pro se*.  *See, e.g.*, *Smallwood v. Bank of Am.*, 2012 WL 32654, at *5 (N.D. Tex. Jan. 6, 2012) (Fitzwater, C.J.) (granting leave to file third amended complaint because plaintiffs were appearing *pro se*).  Because Woods has not stated that she cannot, or is unwilling to, cure the defects that the court has identified with respect to her claims, the court grants her 28 days from the date this memorandum opinion and order is filed to file a second amended complaint.

-8-

\*   \*   \*

For the reasons explained, the court grants STS Services' motion to dismiss but also grants Woods leave to replead.

**SO ORDERED**.

April 1, 2024.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

-9-