IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGARET M. WOODS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:23-CV-2745-D |
| | § | |
| STS AVIATION, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

*Pro se* plaintiff Margaret M. Woods ("Woods") sues her former employer, STS Services, LLC ("STS Services"),[1] alleging claims for breach of contract under state law and for race- and sex-based discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* STS Services moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. For the reasons that follow, the court grants STS Services' June 3, 2024 motion to dismiss but also allows Woods to replead. The court denies as moot STS Services' May 6, 2024 motion to dismiss.

I

The relevant background facts of this case are largely set out in a prior memorandum opinion and order and need not be repeated at length to decide STS Services' June 3, 2024

___

[1]As noted in a prior memorandum opinion and order, Woods names "STS Aviation" as the defendant, but the parties do not dispute that Woods's employer was "STS Services," not "STS Aviation." *See Woods v. STS Aviation ("Woods I")*, 2024 WL 1374839, at *1, n.1 (N.D. Tex. Apr. 1, 2024) (Fitzwater, J.). Thus the court refers to the defendant as "STS Services."

motion to dismiss. *See Woods v. STS Aviation ("Woods I")*, 2024 WL 1374839, at *1 (N.D. Tex. Apr. 1, 2024) (Fitzwater, J.). The court assumes the parties' familiarity with *Woods I*.

After the court granted STS Services' motion to dismiss Woods's first amended complaint, Woods failed to file a second amended complaint according to the court-ordered deadline of April 29, 2024. On May 6, 2024 STS Services moved to dismiss this action in its entirety. Woods filed her second amended complaint on May 20, 2024, and STS Services filed a second motion to dismiss on June 3, 2024. Woods filed a response, but STS Services has not filed a reply to the response. Because the time to file a reply has elapsed, the motion is now ripe for decision. The court is deciding STS Services' June 3, 2024 motion on the briefs, without oral argument.

II

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [the plaintiff's] [] complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

### III

The court turns first to Woods's state-law breach of contract claim.

Texas presumes that employment is at-will. *See e.g.*, *Thomas v. Long*, 207 S.W.3d 334, 341 (Tex. 2006). Thus "absent a specific agreement to the contrary, employment may be terminated by the employer or the employee at will, for good cause, bad cause, or no cause at all." *Montgomery Cnty. Hosp. Dist. v. Brown ("Montgomery County")*, 965 S.W.2d 501, 502 (Tex. 1998) (citation omitted). At-will employment can become contractual based on oral statements of a person with authority, but "[f]or such a contract to exist, the employer must unequivocally indicate a definite intent to be bound not to terminate the employee except under clearly specified circumstances." *Wal-Mart Stores, Inc. v. Guerra*, 2009 WL 1900411, at *4 (Tex. App. July 1, 2009, pet. denied) (mem. op.) (citing *Midland Jud. Dist. Cmty. Supervision & Corr. Dep't v. Jones*, 92 S.W.3d 486, 488 (Tex. 2002)). "To determine if particular oral statements manifest the required intent, courts consider both the context in

which the statements were made and the language employed." *Id.* at *4 (citations omitted). The court "distinguish[es] between carefully developed employer representations upon which an employee may justifiably rely, and general platitudes, vague assurances, praise, and indefinite promises of permanent continued employment." *Montgomery County*, 965 S.W.3d at 503 (quoting *Hayes v. Eateries, Inc.*, 905 P.2d 778, 783 (Okla. 1995)).

Woods has failed to plead a plausible breach of contract claim because her pleadings do not enable the court to draw the reasonable inference that STS Services unequivocally agreed not to terminate Woods except under clearly specified circumstances. *See id.* As this court concluded in *Woods I*, the "Welcome Letter" email that sets out her Western Global work assignment and the remaining steps she must take before reporting to her assignment does not constitute a written express policy limiting her at-will employment status. *See Woods I*, 2024 WL 1374839, at *3; *see also Seals v. City of Dallas*, 249 S.W.3d 750, 757 (Tex. App. 2008, no pet.) ("In an employment at-will situation, written policies and personnel procedure manuals are not considered contractual absent express language clearly indicating contractual intent.").

The fact that STS Services required Woods to "obtain housing in Louisiana and provide proof for a minimum 6-month period" also does not constitute a representation limiting her at-will employment status. The representation by STS Services does not relate to Woods's termination or manifest an intent to bind STS Services. For example, it is unclear whether, and there are no allegations that, Woods and STS Services understood the parameters of her willingness to obtain housing, or that her fulfillment of that obligation

could mean that STS Services could not terminate her. *See Montgomery County*, 965 S.W.3d at 502-03 (holding that an employer's statements "that [the plaintiff] would be able to keep [her] job at the Hospital as long as [she] was doing [her] job" and "that [she] would not be fired unless there was a good reason or good cause to fire [her]" were "too indefinite to constitute an agreement limiting the [defendant's] right to discharge [the plaintiff] at will."); *see also Runge v. Raytheon E-Sys., Inc.*, 57 S.W.3d 562, 566 (Tex. App. 2001, no pet.) (holding that a supervisor's comments that an employee had an "opportunity of a lifetime" and a "job for life" were not specific enough to alter the at-will employment relationship). Woods does not allege that STS Services offered any other assurances that would enable the court to draw the reasonable inference that STS Services agreed to limit its right to discharge her at will. Accordingly, the court dismisses her breach of contract claim.

IV

The court turns next to Woods's race- and sex-based discrimination claims under Title VII.

Title VII prohibits discrimination on the basis of "race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). When a plaintiff alleges Title VII claims of race and sex discrimination based on circumstantial evidence, as Woods does here, the court can use the *McDonnell Douglas*[2] framework as a helpful reference when determining whether a

---

[2]*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

plaintiff has plausibly alleged the ultimate elements of her claim.[3]  Under this framework, a plaintiff must sufficiently plead that (1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) others similarly situated were treated more favorably.  *See, e.g.*, *Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 997-98 (5th Cir. 2022).

Woods has failed to plead a plausible Title VII claim for race- or sex-based discrimination.  As the court concluded in *Woods I*, it is undisputed that Woods, a Black female, is a member of a protected class and that Woods suffered an adverse employment action when STS Services terminated her.  *See Woods I*, 2024 WL 1374839, at *4.  The court also concludes that Woods has plausibly pleaded that she was qualified for her position.

---

[3]The familiar *McDonnell Douglas* standard for evaluating employment discrimination claims is an evidentiary framework, not a pleading standard.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002).  Accordingly, "a plaintiff need not make out a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim."  *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz*, 534 U.S. at 510-12); *see also, e.g.*, *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) ("Although Chhim did not have to submit evidence to establish a prima facie case of discrimination at this stage, he had to plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible.").  To survive STS Services' motion to dismiss, however, Woods must plausibly plead the ultimate elements of her Title VII claims.  *See Chhim*, 836 F.3d at 370.  And since *McDonnell Douglas* will govern when a plaintiff relies on indirect evidence of discrimination, it can be helpful to reference that framework when the court is determining whether a plaintiff has plausibly alleged the ultimate elements of her claim.  *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (Title VII case) ("If a plaintiff's . . . claim depends on circumstantial evidence, he will 'ultimately have to show' that he can satisfy the *McDonnell Douglas* framework.  In such cases, we have said that it can be 'helpful to reference' that framework when the court is determining whether a plaintiff has plausibly alleged the ultimate elements of the . . . claim." (quoting *Chhim*, 836 F.3d at 470-71)).

Woods alleges that she began her career as an aircraft inspector in 1988; she was certified and licensed in 1994 and 1995; and she obtained a master's degree in aviation at Embry-Riddle Aeronautical University in 2009.  But Woods has failed to plead sufficient facts for the court to draw the reasonable inference that she was a victim of race- or sex-based discrimination.

Woods's second amended complaint does not allege any speech or conduct by STS Aviation that tends to demonstrate race- or sex-based animus.  Woods only alleges that STS Services "hired three white males at the time of [her] firing."  But this is a vague and conclusory assertion and does not support the inference that STS Services discriminated against Woods based on race and sex.  *See Irigoyen v. Hudson House Lakewood, LLC*, 2023 WL 7004445, at *3 (N.D. Tex. Oct. 23, 2023) (Fitzwater, J.) (dismissing Title VII claim for race discrimination when plaintiff generally asserted that his employer engaged in "an ongoing pattern and practice of discrimination against those who are not white/Caucasian").  The fact that STS Services hired three white males is not enough to raise Woods's right to relief on these claims "above the speculative level."  *Twombly*, 550 U.S. at 555.

Accordingly, the court grants STS Services' motion as to Woods's claims for race- and sex-based discrimination under Title VII.

V

Because Woods is proceeding *pro se*, the court will grant her leave to replead.  *See, e.g.*, *Smallwood v. Bank of Am.*, 2012 WL 32654, at *5 (N.D. Tex. Jan. 6, 2012) (Fitzwater, C.J.) (granting leave to file third amended complaint because plaintiffs were appearing *pro*

*se*).  Woods must file her third amended complaint within 28 days of the date this memorandum opinion and order is filed.

*   *   *

For the reasons explained, the court grants STS Services' June 3, 2024 motion to dismiss and also grants Woods leave to file an amended complaint within 28 days of the date this memorandum opinion and order is filed.  The court denies as moot STS Services' May 6, 2024 motion to dismiss.

**SO ORDERED**.

July 16, 2024.

_____<br>
SIDNEY A. FITZWATER<br>
SENIOR JUDGE