IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGARET M. WOODS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:23-CV-2745-D |
| | § | |
| STS SERVICES LLC, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this action, *pro se* plaintiff Margaret M. Woods ("Woods") sues her former employer, STS Services LLC ("STS Services"), alleging claims for race- and sex-based discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*[1] STS Services moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. For the reasons that follow, the court grants STS Services' motion but also allows Woods to replead.

I

This case is the subject of two prior memorandum opinions and orders. *See Woods v. STS Aviation* ("*Woods I*"), 2024 WL 1374839 (N.D. Tex. Apr. 1, 2024) (Fitzwater, J.); *Woods v. STS Aviation* ("*Woods II*"), 2024 WL 3433936 (N.D. Tex. July 16, 2024). The

---

[1]In her second amended complaint, Woods brought a claim for breach of contract in addition to her Title VII claims. *See* 2d Am. Compl. ¶ 8. But in her third amended complaint she alleges only claims under Title VII for race- and sex-based discrimination. *See* 3d Am. Compl. ¶ 8.

court assumes the parties' familiarity with the facts and procedural history recounted in *Woods I* and *Woods II*.

After the court in *Woods II* granted STS Services' motion to dismiss Woods's second amended complaint, Woods filed a third amended complaint, which STS Services now moves to dismiss. The court is deciding the motion on the briefs, without oral argument.

II

*Pro se* complaints are to be liberally construed. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hernandez v. Maxwell*, 905 F.2d 94, 96 (5th Cir. 1990). They are to be held to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines*, 404 U.S. at 520. "Although pro se pleadings are to be liberally construed, they must state a 'plausible claim for relief to survive [] a motion to dismiss.'" *Little v. Tex. Att'y Gen.*, 2015 WL 5613321, at *2 (N.D. Tex. Sept. 24, 2015) (Fitzwater, J.) (alteration in original) (quoting *Scott v. Cohen*, 528 Fed. Appx. 150, 152 (3d Cir. 2013) (per curiam)), *aff'd sub nom. Little v. Obryan*, 655 Fed. Appx. 1027 (5th Cir. 2016).

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [the plaintiff's] [] complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (third alteration in original) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

### III

Woods alleges in her third amended complaint that STS Services violated Title VII by discriminating against her based on her race and sex. Title VII prohibits discrimination on the basis of "race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). When a plaintiff alleges a Title VII claim of race or sex discrimination based on circumstantial evidence, as Woods does here, the court can use the *McDonnell Douglas* framework as a reference when determining whether the plaintiff has plausibly alleged the ultimate elements of her claim.[2] Under this framework, a plaintiff must sufficiently plead

---

[2]The familiar *McDonnell Douglas* standard for evaluating employment discrimination claims is an evidentiary framework, not a pleading standard. *See Swierkiewicz v. Sorema*

that (1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) others similarly situated were treated more favorably. *See, e.g.*, *Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 997-98 (5th Cir. 2022).

Woods has not pleaded a plausible Title VII claim for race- or sex-based discrimination. She alleges that she is a Black female, 3d Am. Compl. (ECF No. 30) ¶ 1, that she suffered an adverse employment action when she was terminated, and that others similarly situated were treated more favorably. She asserts that STS Services "hired three white males at the time of firing her," 3d Am. Compl. (ECF No. 30) ¶ 9, and, in her response to STS Services' position statement, attached to her third amended complaint as "Attachment D," she alleges that three males were hired in the weeks preceding her termination and that

---

*N.A.*, 534 U.S. 506, 510 (2002). Accordingly, "a plaintiff need not make out a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz*, 534 U.S. at 510-12); *see also Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (per curiam) ("Although Chhim did not have to submit evidence to establish a prima facie case of discrimination at this stage, he had to plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible."). To survive STS Services' motion to dismiss, however, Woods must plausibly plead the ultimate elements of her Title VII claims. *See Chhim*, 836 F.3d at 470. And since *McDonnell Douglas* will govern when a plaintiff relies on indirect evidence of discrimination, it can be helpful to reference that framework when the court is determining whether a plaintiff has plausibly alleged the ultimate elements of her claim. *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (Title VII case) ("If a plaintiff's . . . claim depends on circumstantial evidence, he will 'ultimately have to show' that he can satisfy the *McDonnell Douglas* framework. In such cases, we have said that it can be 'helpful to reference' that framework when the court is determining whether a plaintiff has plausibly alleged the ultimate elements of the . . . claim." (quoting *Chhim*, 836 F.3d at 470-71)).

"[i]mmediately upon the three new inspectors completing training, [she] was fired."[3] 3d Am. Compl. (ECF No. 30) at 17.[4] Woods does not, however, plead any facts in her third amended complaint that enable the court to draw the reasonable inference that she was qualified for the position.[5] Because Woods's third amended complaint does not sufficiently plead all four elements of a *prima facie* case under the *McDonnell Douglas* framework, the court grants STS Services' motion to dismiss.

---

[3]Rule 12(b)(6) allows the court to consider allegations in the complaint and documents attached to it. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) ("In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto."); *Irigoyen v. Hudson House Lakewood, LLC*, 2023 WL 7004445, at *3 n.3 (N.D. Tex. Oct. 24, 2023) (Fitzwater, J.) (considering allegations in EEOC charge in deciding Rule 12(b)(6) motion).

[4]Woods also alleges that STS Services would not provide her a copy of her General Maintenance Manual Training records, but that "other ma[le] white employees were provided their training records and some even posted at their workstation." 3d Am. Compl. (ECF No. 30) ¶ 6. This allegation is vague and conclusory, *see Irigoyen*, 2023 WL 7004445, at *3 (noting that a general assertion that an employer engaged in "an ongoing pattern and practice of discrimination against those who are not white/Caucasian" was vague and conclusory), and thus does not support the reasonable inference that STS Services discriminated against Woods based on race or sex.

[5]Woods alleged sufficient facts to satisfy this element in her second amended complaint. *See* 2d Am. Compl. (ECF No. 25) ¶ 4; *Woods II*, 2024 WL 3433936, at *3. But because her second amended complaint was dismissed and she has not incorporated it by reference in her third amended complaint, *see* Rule 10(c), only allegations included in the operative third amended complaint and the documents attached thereto may be considered in deciding this motion.

IV

Because Woods is proceeding *pro se*, the court will grant her leave to replead. *See, e.g.*, *Smallwood v. Bank of Am.*, 2012 WL 32654, at *5 (N.D. Tex. Jan. 6, 2012) (Fitzwater, C.J.) (granting leave to file third amended complaint because plaintiffs were appearing *pro se*). Woods must file her fourth amended complaint within 28 days of the date this memorandum opinion and order is filed.

\* \* \*

For the reasons explained, the court grants STS Services' motion to dismiss and also grants Woods leave to file a fourth amended complaint within 28 days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

December 2, 2024.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE
